UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROD ROBINSON,

          Plaintiff,

    v.                                      Case No. 15-CV-683

JOHN DOE WARDEN, et al.,

          Defendants.

## ORDER

Plaintiff Jerod Robinson, who is proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on Robinson's petition to proceed *in forma pauperis*. The petition will be granted.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pre-pay costs and fees. Access is not unlimited, however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed *in*

*forma pauperis* if the allegation of poverty is untrue, or if the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

Robinson has submitted an affidavit of indigence indicating that he is unable to pay the costs of commencing this action. He states that he has not been employed since July 2014, and that he was just released from prison on May 13, 2015, where he made only $8.00 per month. Robinson currently has no sources of income and he owes $20 per month for supervision fees. Based on his affidavit, the court concludes that Robinson meets the poverty requirements of 28 U.S.C. § 1915(a).

The court must now consider whether Robinson's complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous/malicious if it has no arguable basis in law or fact, or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. The court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give Robinson's

*pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Robinson, who was released from prison prior to filing this lawsuit, alleges that various John Doe defendants violated his Eighth Amendment right to be free from cruel and unusual punishment while he was incarcerated at the Racine Correctional Institution. Specifically, Robinson alleges that while in segregation he was forced to sleep on a mattress on the floor and that requests to transfer him to an open cell were denied. Robinson also alleges that there was "dust blowing around" that made it hard to breathe, he was allowed to clean his cell only once per week, and "the door leading to outside rec [sic] was broken and inmate workers and guards used to jam cardboard and jackets to keep cold from getting in and keep heat in." (ECF No. 1.)

Prison conditions violate the Constitution only where they deprive a prisoner of the minimal civilized measure of life's necessities. *Sanders v. Kingston*, 53 Fed.Appx. 781, 783 (7th Cir. 2002) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). An elevated bed is not one of life's necessities, so Robinson cannot state a claim based on the fact that his mattress was directly on the floor. *See Sanders*, 53 Fed.Appx. at 783 (noting that the Seventh Circuit knows of no case holding that the Eighth Amendment requires prisoners' beds to be elevated).

In addition, the remainder of plaintiff's allegations (*i.e.,* that he had trouble breathing because of the dust, that he could clean his cell only once per week, and that

3

items were jammed into a broken door to keep the cold out) are simply too vague to state a claim on which relief may be granted. Robinson must provide additional factual allegations before the court can draw a reasonable inference that the defendants are liable for violating his Eighth Amendment rights. For example, Robinson should explain why being allowed to clean his cell only once per week was insufficient – were there bugs/vermin in his cell, was there dirt on his mattress/pillow, were there offensive odors? Also, Robinson should explain whether the guards' attempt to fix the broken door was ineffective – was his cell unbearably cold, did rain or snow leak through? Finally, did Robinson inform any of the defendants of the unacceptable conditions (assuming there were any) and what, if anything, was their response?

In short, the allegations in Robinson's complaint are too bare-boned, vague, and conclusory to state a claim on which relief may be granted. However, the court will provide Robinson with an opportunity to amend his complaint should he so choose, providing additional detail as discussed above. Robinson is advised that if he chooses to file an amended complaint it must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint will replace the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

4
Case 2:15-cv-00683-WED    Filed 06/19/15    Page 4 of 6    Document 3

Should Robinson desire to file an amended complaint and cure the deficiencies noted by the court, he must do so on or before **Monday, July 20, 2015**. If an amended complaint is received, the court will once again determine whether Robinson has stated a claim upon which relief may be granted. Should Robinson choose not to file an amended complaint within this time period, the court will dismiss this action without further notice.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **Monday, July 20, 2015,** the plaintiff, if he so chooses, should file an amended complaint curing the defects in the original complaint as described herein. The plaintiff is advised that, if he fails to file an amended complaint, the court will dismiss this action.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail

copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the clerk's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 19th day of June, 2015.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge